IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KEVIN PHELAN, | : | |
| :--- | :--- | :--- |
| Plaintiff, | : | |
| | : | No. 4:08-CV-00730 |
| v. | : | |
| | : | (Judge McClure) |
| ADELPHIA COMMUNICATIONS, CORPORATION, OFE II, LLC, and ADELPHIA CONSOLIDATION, LLC, | : | |
| Defendants. | : | |

**MEMORANDUM**

July 8, 2009

## I. Introduction

On April 18, 2008, plaintiff Kevin Phelan ("Phelan"), a citizen and resident of the Republic of Ireland, instituted this civil action against defendants Adelphia Communications Corp, OFE II, LLC, and Adelphia Consolidation, LLC (collectively "Adelphia"). Plaintiff's complaint is for Declaratory Judgment (Count I), Unjust Enrichment (Count II), and Breach of Implied Covenant of Good Faith and Fair Dealing (Count III). On January 29, 2009, this court approved the stipulation of dismissal of Count III. Thus, the only remaining counts are Counts I and II.

1

## II. Procedural History

On March 23, 2009, plaintiff filed a Partial Motion for Summary Judgment moving for summary judgment on Count I of his complaint. (Rec. Doc. No. 34). He filed his supporting brief on March 25, 2009. (Rec. Doc. No. 41). Defendants filed their opposing brief on April 27, 2009, and plaintiff filed his reply brief on May 8, 2009. (Rec. Doc. Nos. 56 and 58).

Additionally, defendants filed a Motion for Oral Argument on April 27, 2009. (Rec. Doc. No. 54). As the motion had the concurrence of both parties and the reasons for the motion are fully stated therein, no briefs are required.

Thus, all matters are ripe for disposition. Now, therefore, we will defer decision on plaintiff's motion for summary judgment pending resolution of what amount, if any, damages are appropriate. We hold that $999,750 as liquidated damages, in this particular case, is a penalty, unenforceable as a matter of law. We will deny defendants' motion for oral argument, and instead will order further briefing.

## III. Factual Background

The facts, taken in the light most favorable to the non-moving party,

Adelphia are as follows.[1] As a result of bankruptcy proceedings, Adelphia was selling, among many other properties, a parcel of real estate which included their corporate headquarters building in Coudersport, Pennsylvania. The property was appraised as having a fair market value of $6,300,000. Adelphia hired a real estate brokerage firm and a marketing firm to assist in the sale of this, and other properties.

Through an on-line bidding process which closed on October 31, 2007, a bidder, Joy 2001, LLC ("Joy") made a winning bid of $3,400,000. Joy made a deposit of 10% of the purchase price, $340,000. Joy was unable to obtain financing to complete the purchase, and on December 17, 2001, forfeited its $340,000 deposit to Adelphia.

After Joy's default, potential buyers were required to submit a letter of intent along with a deposit of one-million dollars ($1,000,000) to ensure that interested parties had the financial wherewithal to close the transaction. On January 21, 2008, Phelan entered into an agreement with Adelphia to purchase the property on January 31, 2008 for $3,400,000. Phelan was required to make the deposit of one-million dollars ($1,000,000). The agreement contained a liquidated damages

---

[1]Because defendants failed to file a responsive statement of material facts pursuant to Middle District Local Rule 56.1, all facts are taken from Plaintiff's Statement of Material Facts (Rec. Doc. No. 37) and are deemed to be admitted.

clause, which entitled Adelphia to retain the deposit as liquidated damages if Phelan failed to close on the property. The liquidated damages clause was standard language in all of Adelphia's real estate sales, and was not negotiated between Phelan and Adelphia. Phelan transferred $2,000,000 to his attorney for closing. His attorney misappropriated this $2,000,000, and Phelan was unable to complete the closing[2].

The title company delivered $999,750.00 of Phelan's deposit to Adelphia. As a result, Adelphia was forced to re-market the property, and was able to find a substitute buyer for the property.

## IV. Standard of Review

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. <u>Int'l Union, United Mine Workers of Am. v. Racho Trucking Co.</u>, 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment "the pleadings, the discovery and disclosure materials on file, and any affidavits show

---

[2] Although $2,000,000 would not have been enough money to complete the closing, regardless of any misappropriation by Phelan's attorney, the reason he was not able to close is not, in this particular instance, relevant to the issue of whether or not the liquidated damages clause is unenforceable as a penalty.

4

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id, Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930

F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that a issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

## V. Discussion

Count I of plaintiff's complaint seeks a judgment declaring that the liquidated damages clause, which resulted in a forfeiture of $999,750 on a $3,400,000 purchase price is unenforceable as a penalty. Defendants' brief makes several arguments as to why this court should not determine this issue on summary judgment. We briefly address the other issues defendants raise, before turning to the heart of the matter - whether or not the amount forfeited by plaintiff is liquidated damages or a penalty.

First, we assure defendants that the issue at hand, whether or not the sum of money forfeited to them "is a penalty or liquidated damages is a question for the

court, to be determined by the intention of the parties, examined in the light of its subject-matter and its surroundings." Laughlin v. Baltalden, Inc., 159 A.2d 26, 29 (Pa. Super. 1960), see also Holt's Cigar Co. v. 222 Liberty Assoc., 591 A.2d 743, 748 (Pa. Super. 1990). Secondly, declaratory judgment is a discretionary remedy, one which this court may grant, even though entry of the judgment would not terminate the uncertainty or controversy, i.e. what is an appropriate amount of liquidated damages. See e.g. 42 Pa.C.S. §§ 7532, 7537, and 7539.[3] However, we are not entering declaratory judgment at this time. We defer entry of judgment until after the parties brief what amount of damages, if any, is appropriate.

"Liquidated damages is a term of art . . . it denotes the sum a party to a contract agrees to pay if he breaks some promise, and which, having been arrived at by a good faith effort to estimate in advance the actual damage that will probably ensue from the breach, is legally recoverable if the breach occurs." Pantuso Motors, Inc. v. CoreStates Bank, N.A., 798 A.2d 1277, 1282 (Pa. 2002) (internal citations omitted). "A penalty, by contrast, is fixed, "not as a pre-estimate of

---

[3]Although defendants cited federal law to support its contention that this court should not enter a declaratory judgment, this case is not based on a federal question. It is in federal court solely based on diversity jurisdiction. As such, Count I of plaintiff's complaint seeking declaration on a contractual provision, is a state law issue only. As plaintiff is seeking declaration on a substantive issue, we follow Erie and apply Pennsylvania's substantive law.

probable actual damages, but as a punishment, the threat of which is designed to prevent the breach." Id. "Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonable in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss; a term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." Id.

> The question of whether stipulation is a penalty or a valid liquidated damages provision is to be determined by the intention of the parties, drawn from the words of the whole contract, examined in the light of its subject-matter and its surroundings; and in this examination we must consider the relation which the sum stipulated bears to the extent of the injury which may be caused by the several breaches provided against, the ease or difficulty of measuring a breach in damages, and such other matters as are legally or necessarily inherent in the transaction.

Holt's Cigar Co., 591 A.2d at 747 (internal citations omitted).

We find that receipt of $999,750 for Phelan's failure to effect closing on a property with a purchase price of $3,400,000 is unenforceable as a matter of law as a penalty. Adelphia originally requested a 10% deposit from purchasers.[4]

---

[4]Stating that Adelphia originally requested 10% from purchasers is not to be taken as the court's acceptance of plaintiff's assertion that liquidated damages in Pennsylvania are capped at 10%. On the contrary, the court agrees with Adelphia that there is no such bright line rule in Pennsylvania that liquidated damages are capped at 10% of the purchase price. We point out that Adelphia increased the amount of liquidated damages solely in analyzing whether or not this is a penalty. We are not determining what amount or percentage of the purchase price is appropriate.

Adelphia makes no argument that it increased the deposit to more accurately reflect its potential damages if buyers should breach. On the contrary, Adelphia admits the increased deposit was to ensure buyers had the 'financial wherewithal' to complete the transaction. In other words, Adelphia required a one-million dollar deposit as a punishment, the threat of which was designed to prevent breach. Adelphia's intent, therefore, was to prevent breach. "Where a stipulated damages clause is intended as a form of punishment with the purpose, in terrorem, to secure compliance, the principles of compensation are subordinated and the provision must fail as an unenforceable penalty. Holt's Cigar Co., 591 A.2d at 747 (internal citations omitted).

Additionally, the ease of measuring damages in this case weighs against Adelphia's argument that one-million dollars was necessary because of the difficulty in estimating damages. Preceding Phelan's failure to close was Joy's failure to close. Although Adelphia could not be expected at the time of the signing of the contract with Phelan to precisely determine the amount of damages they may incur in the event of breach, Adelphia could extrapolate, based on the damages incurred by Joy's breach, a more accurate damages calculation than if it had not experienced this prior breach by Joy. Instead of modifying the liquidated damages portion of the contract to reflect an estimate of damages based on the

9

breach by Joy, Adelphia increased the down payment three-fold, to prevent a second breach.  Had this three-fold increase been based, in some meaningful fashion, on the actual damages experienced in the Joy breach, the three-fold increase may have represented the estimated liquidated damages.  Instead, the increase was designed solely to prevent a second breach.  This is not to say that Adelphia could have precisely determined the damages in the event of Phelan's failure to close; we simply point out that Adelphia could have used the actual damages from Joy's breach to calculate estimated damages in the event Phelan failed to close.  However, the one-million dollar down payment was not a damages estimate; Adelphia was attempting to prevent a second breach.

For all of these reasons, we hold that under Pennsylvania law, the forfeiture of $999,750, based on the facts of this case, is unenforceable as a matter of law as a penalty.

Because we have determined that the liquidated damages clause which resulted in a forfeiture of $999,750 is unenforceable as a penalty, we will order further briefing to determine what amount of damages, if any, is appropriate.

## VI. Conclusion

Now, therefore, we will defer entering declaratory judgment on Count I of plaintiff's complaint pending resolution of what amount, of damages, if any, is

appropriate. We do hold that $999,750 as liquidated damages, in this particular case, is unenforceable as a matter of law as a penalty. We will deny defendants' motion for oral argument, and instead will order further briefing.

                                         s/ James F. McClure, Jr.
                                         James F. McClure, Jr.
                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN PHELAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 4:08-CV-00730 |
| v. | : | |
| | : | (Judge McClure) |
| ADELPHIA COMMUNICATIONS, | : | |
| CORPORATION, OFE II, LLC, and | : | |
| ADELPHIA CONSOLIDATION, | : | |
| LLC, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

July 8, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.  Decision on plaintiff's Motion for Partial Summary Judgment is DEFERRED pending a final order regarding damages. (Rec. Doc. No. 34).

2.  It is hereby adjudged that the "liquidated damages" provision of plaintiff's contract with defendant resulting in a forfeiture of $999,750.00 is invalid as a penalty.

3.  On or before July 22, 2009, defendants shall remit $999,750.00 to the

12

clerk of courts for the Middle District of Pennsylvania in Williamsport, PA pending the determination of the appropriate amount of damages, if any.

    4. Defendants' Motion for Oral Argument is DENIED. (Rec. Doc. No. 54).

    5. Defendants are directed to file a brief on or before July 27, 2009 regarding what amount of damages, if any, are appropriate. Plaintiff will have ten (10) business days from the date of service of defendants' brief to file an opposing brief. A reply brief is not permitted without leave of court.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge