IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN PHELAN,

    Plaintiff,

v.

ADELPHIA COMMUNICATIONS,
CORPORATION, OFE II, LLC, and
ADELPHIA CONSOLIDATION,
LLC,

    Defendants.

No. 4:08-CV-00730

(Judge McClure)

**MEMORANDUM**

September 2, 2009

## I. Introduction

On April 18, 2008, plaintiff Kevin Phelan ("Phelan"), a citizen and resident of the Republic of Ireland, instituted this civil action against defendants Adelphia Communications Corp, OFE II, LLC, and Adelphia Consolidation, LLC (collectively "Adelphia"). Plaintiff's complaint is for Declaratory Judgment (Count I), Unjust Enrichment (Count II), and Breach of Implied Covenant of Good Faith and Fair Dealing (Count III). On January 29, 2009, this court approved the stipulation of dismissal of Count III.

On July 8, 2009, this court decided, based on plaintiff's partial motion for

1

summary judgment, that the almost one-million dollars liquidated damages that plaintiff paid pursuant to a provision in the parties' contract was invalid as a penalty. However, we deferred entering declaratory judgment on Count I, pending briefing from the parties on the appropriate amount of damages, if any, due to defendants. (Rec. Doc. No. 60). In our order, we noted in footnote 1 that although the standard on a motion for summary judgment is to take the facts in the light most favorable to the non-moving party, defendants failed to file a responsive statement of material facts pursuant to Middle District Local Rule 56.1, and as a result all facts were taken from plaintiff's statement of material facts, and all such facts were deemed to be admitted by defendants. (Id.)

We were next faced with a slew of motions. First, even though the motion for partial summary judgment had been decided in plaintiff's favor, plaintiff filed a Motion to Amend and Revise our July 8, 2009 Memorandum and Order and filed a supporting brief. (Rec. Doc. Nos. 61 and 62). Plaintiff requested that we delete footnote 1, and replace it with language regarding the deposition testimony of defendants' employee. Plaintiff pointed out that defendants did file a statement of material facts, but it was mislabeled on the docket as defendant's opposing brief. Plaintiff further argued that we should not consider the affidavit defendants provided of Paul Hemann, as the affidavit contradicted the deposition testimony of

Hemann, and is a "sham affidavit" under Third Circuit law. In defendants' opposing brief, it argued that we need to reconsider the motion for partial summary judgment, using the facts defendants set forth in its statement of material facts, which it admits are mislabeled on the docket. (Rec. Doc. No. 67). Defendants further argue that the affidavit is not a "sham affidavit" under Third Circuit law. Plaintiff filed a reply brief arguing that it is a "sham affidavit." (Rec. Doc. No. 71).

On July 21, 2009, defendants filed their Brief Regarding Actual Damages pursuant to our July 8, 2009 Order. (Rec. Doc. No. 63). In their four-line brief, defendants, the parties that would be the beneficiaries of the amount of damages ordered, chose to "forego[] the filing of a brief regarding the amount of damages so that the Order may now be considered final." (Id.) In his responsive brief, plaintiff argued that we should consider defendants' brief a waiver of any claim to damages. (Rec. Doc. No. 70). Plaintiff also argued that because his Motion to Amend the July 8, 2009 Order was still outstanding, and had been fully briefed by both parties, defendants' foregoing the filing of a brief regarding damages would not convert our July 8, 2009 Order into a final order.

On July 23, 2009, the defendants filed a Motion for Relief from the July 8, 2009 Order and a supporting brief. (Rec. Doc. Nos. 65 and 66). Defendants

3

requested that we vacate our July 8, 2009 Order pursuant to Fed. R. Civ. P. 60(b), including our denial of oral argument on the motion for partial summary judgment, and requested that we schedule oral argument on the motion for partial summary judgment. Plaintiff filed an opposing brief arguing once again, that we should not consider Hemann's affidavit as it is a "sham affidavit," and that we should not grant defendants' Rule 60(b) motion, as our July 8, 2009 Order is not a final judgment or order. (Rec. Doc. No. 72). In defendants' reply brief, they argued that there are material facts in dispute, they did file a statement of material facts, Hemann's affidavit is not a "sham affidavit," and Rule 60(b) does apply because it waived its damages argument so that the order would be final. (Rec. Doc. No. 73).

## II. DISCUSSION

The court first will explain how we missed defendants' statement of material facts. Defendants filed Rec. Doc. No. 44 titled "Brief in Opposition to #34 Motion for Partial Summary Judgment." Apparently, this document is actually defendants' statement of material facts. Defendants next filed Rec. Doc. No. 47 with the same title, "Brief in Opposition to #34 Motion for Partial Summary Judgment." Defendants then filed a Motion to Amend/Correct the Brief in Opposition, which this court granted. (Rec. Doc. Nos. 52 and 55). Finally, defendants filed its ""Amended" Brief in Opposition to #34 Motion for Partial Summary Judgment."

(Rec. Doc. No. 56). So, because defendants had nothing on the docket titled "statement of material facts," nor did this court have any reason to review Rec. Doc. No. 44, as defendants had filed a second opposing brief and an amended opposing brief, the court never viewed Rec. Doc. No. 44.

As an initial matter, we will deny plaintiff's Motion to Amend and Revise the Memorandum of July 8, 2009. (Rec. Doc. No. 61). The issue here is whether or not the court should reconsider the partial summary judgment motion, viewing the facts in the light most favorable to defendants, using defendants' mis-labeled statement of material facts. Deleting our footnote stating that defendants did not file a statement of material facts, and replacing it with language supplied by plaintiff regarding Hemann's testimony doe s not resolve the issue at hand; in fact, it only compounds the problem.

We had deferred granting the partial motion for summary judgment and deferred entering declaratory judgment on Count I until the parties had a full and fair opportunity to brief the amount of damages that we should award to defendants. Defendants filed a four-line brief, foregoing briefing damages, even though defendants would be the beneficiaries of a damages award, so that our July 8, 2009 Order would be final and defendants could file their Rule 60(b) motion. However, defendants' foregoing brief does not resolve the issue at hand.

5

Defendants' reliance on Fed. R. Civ. P. 60(b) is misplaced. Our July 8, 2009 Order was not a final order, and defendants' foregoing brief, in and of itself, does not convert it into a final order.

Defendants would have been better served by filing a motion for reconsideration under Middle District Local Rule 7.1. A party can file a motion for reconsideration of an interlocutory order, and courts tend to analyze motions for reconsideration of interlocutory orders similarly to final orders. Keel-Johnson v. Amsbaugh, 2009 U.S. Dist LEXIS 57342, *2 (M.D. Pa. July 7, 2009) (Kane, J.). Accordingly, we will deny defendants' Rule 60(b) motion without prejudice, to allow defendants the opportunity to bring a motion for reconsideration instead. This will focus the argument, as both defendants and plaintiff have filed motions that do not really deal with the issue at hand – should the court expend judicial resources reanalyzing a previously disposed of motion based on an error made by defendant, or is there an onus on defendant to accept responsibility for this error that would preclude the court from reanalyzing a previously disposed of motion. Plaintiff's "sham affidavit" arguments are misplaced at this point, as the court would not need to deal with that issue if, and until, we would vacate our prior order and use defendants' statement of material facts in reanalyzing the partial motion for summary judgment. Defendants' brief offering to forgo briefing on the issue

of damages is also misplaced, as simply foregoing briefing on damages would not automatically convert our Order to a final order. We would still need to determine damages and enter a declaratory judgment. We are unwilling to enter final judgment at this time, and do not accept defendants' brief foregoing briefing the damages issue.

**CONCLUSION:**

We will deny plaintiff's Motion to Amend and Revise the Memorandum of July 8, 2009. We will deny, without prejudice, defendants' Motion to Vacate the Court's July 8, 2009 Order so that defendants can file a motion for reconsideration instead. Middle District Local Rule 7.10 governs briefing requirements for motions for reconsideration. If defendants file a motion for reconsideration by September 21, 2009, we will deem it timely filed. If defendants do not file a motion for reconsideration by that date, we will proceed with our July 8, 2009 Order as written, amending due dates for briefing damages.

          s/ James F. McClure, Jr.
          James F. McClure, Jr.
          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN PHELAN, | : |
| | : |
| Plaintiff, | : |
| | : No. 4:08-CV-00730 |
| v. | : |
| | : (Judge McClure) |
| ADELPHIA COMMUNICATIONS, | : |
| CORPORATION, OFE II, LLC, and | : |
| ADELPHIA CONSOLIDATION, | : |
| LLC, | : |
| | : |
| Defendants. | : |

**ORDER**

September 2, 2009

1. Plaintiff's Motion to Amend and Revise the Memorandum of July 8, 2009 is DENIED. (Rec. Doc. No. 61).

2. Defendants' Motion to Vacate the Court's July 8, 2009 Order is DENIED without prejudice. (Rec. Doc. No. 65).

3. Defendants may, if they so desire, file a motion for reconsideration in lieu of its Rule 60(b) motion by September 22, 2009. If defendants do not file a motion for reconsideration by this date, they will be precluded from filing any further motions attempting to vacate our July 8, 2009 Order, and we will order briefing on damages pursuant to our July 8, 2009 Order in anticipation of entering declaratory

8

judgment on Count I in favor of plaintiff.


                         s/ James F. McClure, Jr.
                         James F. McClure, Jr.
                         United States District Judge